# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1651V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                        *   Special Master Corcoran
PATSY GIPSON,                           *
Trustee of Alfred J. Gipson, deceased,  *
                                        *
                      Petitioner,       *   Filed: February 25, 2019
                                        *
              v.                        *
                                        *   Decision by Proffer; Damages;
SECRETARY OF HEALTH                     *   Influenza ("Flu") Vaccine;
AND HUMAN SERVICES,                     *   Guillain-Barré syndrome ("GBS").
                                        *
                      Respondent.       *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Timothy J. Lessman*, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.

*Lisa A. Watts*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On November 1, 2017, Patsy Gipson, Trustee of Alfred A. Gipson, filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that Mr. Gipson suffered from Guillain-Barré syndrome ("GBS") as a result of receiving the influenza ("flu") vaccine on November 5, 2015, and that his death on January 1, 2017, was a sequela of that injury. Petition (ECF No. 1) at 1. Petitioner subsequently amended her petition on September 5,

---

[1] Although this Decision has not been specified for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2018, to remove the requested compensation for Mr. Gipson's death (thus, limiting her compensation request to damages directly attributable to Mr. Gipson's GBS injury). Amended Petition (ECF No. 22) at 1.

Thereafter, on August 24, 2018, Respondent filed his Rule 4(c) Report indicating that medical personnel of the Division of Injury Compensation Programs ("DICP"), Department of Health and Human Services concluded that Petitioner has satisfied the criteria for a GBS/flu vaccine injury as set forth in the Vaccine Injury Table ("Table"). *See* Rule 4(c) Report, filed Aug. 24, 2018 (ECF No. 21) at 5-6. According to Respondent, the evidence shows that Petitioner suffered GBS following administration of the flu vaccine, and that onset occurred within the time period specified in the Table. *Id.* at 5. Thus, Respondent indicated that based on his review of the record Petitioner satisfied all legal prerequisites for compensation under the Act. *Id.* at 5-6. I subsequently issued a ruling on entitlement on October 1, 2018. *See* ECF No. 23.

On February 25, 2019, Respondent filed a proffer proposing an award of compensation. ECF No. 28. I have reviewed the file, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of $176,288.00, representing Mr. Gibson's pain and suffering ($175,000.00), plus past unreimbursable expenses ($1,288.00), in the form of a check payable to Petitioner.

Proffer at I-II. These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
PATSY GIPSON, Trustee of Alfred J.        *
Gipson, Deceased,                         *
                                          *
        Petitioner,                       *
                                          *
v.                                        *       No. 17-1651V (ECF)
                                          *       Special Master
                                          *       BRIAN H. CORCORAN
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
        Respondent                        *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 1, 2017, Patsy Gipson, Trustee of Alfred A. Gipson ("Alfred"), ("petitioner") filed a petition for compensation alleging that Alfred suffered Guillain-Barré syndrome ("GBS"), a Table injury, as a result of an influenza ("flu") vaccine administered to him on November 5, 2015, and that his death on January 1, 2017, was a sequela of that alleged vaccine injury.

On August 24, 2018, Respondent filed his Rule 4(c) Report conceding entitlement to compensation for Alfred's Table injury of GBS, but denying that Alfred's GBS was a substantial factor in the cause of his death.

Petitioner filed an Amended Petition on September 5, 2018, withdrawing her claim for damages for Alfred's death.

On October 1, 2018, the Special Master issued an Entitlement Ruling finding that petitioner was entitled to compensation under the Vaccine Act for Alfred's GBS.

1

## I.      Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $176,288.00 consisting of $175,000.00 for Alfred's pain and suffering, and $1,288.00 for past unreimbursable expenses related to Alfred's GBS.   This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).   Petitioner agrees.

## II.      Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $176,288.00 in the form of a check payable to petitioner. Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Dated: February 25, 2019          Tel.:   (202) 616-4099