# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 17-1651V
## (not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| PATSY GIPSON, *Trustee of Alfred J. Gipson, Deceased*, | * * * * | |
| | * | Special Master Corcoran |
| Petitioner, | * * | Filed: August 30, 2019 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Attorney's Fees and Costs. |
| | * * | |
| Respondent. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Timothy J. Lessman*, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.

*Lisa A. Watts*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On November 1, 2017, Patsy Gipson, Trustee of Alfred A. Gipson, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that Mr. Gipson suffered from Guillain-Barré syndrome as a result of receiving the influenza vaccine on November 5, 2015, and that his death on January 1, 2017, was a sequela of that injury. Petition (ECF No. 1) at 1. The parties filed a Proffer on February 25, 2019, which I adopted as my Decision awarding compensation on the same day. (ECF No. 25).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from the public Decision.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated June 5, 2019 (ECF No. 34) ("Fees App."), requesting a total award of $36,326.43 (representing $34,746.33 in fees, plus $1,580.10 in costs). Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 4 at 1. Respondent reacted to the motion on May 9, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, ECF No. 35, at 2-3. Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding final attorney's fees and costs in the amount of **$35,176.68**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

Petitioner requests the following rates of compensation for her attorneys: for Mr. Randall Knutson, $365.00 per hour for work performed in 2017-2018; for Mr. Wade Abed, II, $295.00 per hour for work performed in 2016-2017, and for Mr. Timothy Lessman, $317.00 per hour for work performed in 2018-2019. Mr. Knutson's rate is consistent with what he has previously been awarded for his work in the Vaccine Program, and I find it to be reasonable here as well.

Concerning the requested rate for Mr. Abed, I note that it exceeds what he has previously been awarded. *See Maddox v. Sec'y of Health & Human Servs.*, No. 16-1504V, 2018 WL 6382043 (Fed. Cl. Spec. Mstr. Oct. 5, 2018). In *Maddox*, Mr. Abed sought compensation for his work through 2017 at $250.00 per hour, which the assigned special master found to be reasonable given his experience and this Court's Attorneys' Hourly Rate Fee Schedule. *Id.* at *2. In the instant case, petitioner has not offered any reason as to why I should depart from the reasoned decision in *Maddox* and compensate Mr. Abed's work at a higher rate than what he previously requested and was awarded. I therefore find it reasonable to compensate Mr. Abed at $250.00 per hour for all work performed in this matter. Applying this rate to the 22.55 hours billed by Mr. Abed results in a reduction of **$1,149.75** from the final award of fees.

This is the first time a special master has considered the reasonableness of a rate requested for Mr. Lessman. Mr. Lessman's affidavit states that he has been practicing law since 2006, placing him within the range of 11-19 years of experience on the hourly rate fee schedules at all times while performing work on this case.[4] I therefore find his requested rate of $317.00 per hour to be reasonable.

I have reviewed the billing entries and find them to be reasonable. The billing entries describe with sufficient detail the task being performed and the time spent on each task. Respondent has not identified any particular entries as objectionable and upon review, I did not find any entries to be objectionable either. Accordingly, Petitioner is entitled to a final award of attorney's fees of **$33,596.58**.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable.

---

[4] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

*Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $1,580.10 in overall costs. Fees. App. at 1. This amount is comprised of obtaining medical records, postage charges, and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and Petitioner has provided adequate documentation supporting them. Accordingly, Petitioner is entitled to the full amount of costs requested.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$35,176.68** as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Mr. Timothy Lessman, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.